**Motion granted; Dismissed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00381-CR

**TORY STEVENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1362526**

## M E M O R A N D U M   O P I N I O N

Appellant appeals a conviction for possession of a controlled substance. Appellant entered a guilty plea, and in accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant to confinement for 180 days in the Harris County Jail on September 28, 2012. No motion for new trial was filed. Appellant's notice of appeal was not filed until May 4, 2016.[1]

---

[1] Appellant previously filed a notice appeal from this same judgment on December 9,

On July 13, 2016, the State filed a motion to dismiss this appeal, arguing the notice of appeal is untimely and that appellant has no right to appeal. The motion is granted.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Moreover, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

2013. On January 23, 2014, this court dismissed the appeal for want of jurisdiction. *Stevens v. State*, No. 14-13-01116-CR, 2014 WL 265686 (Houston [14th] 2014, no pet.) (mem. op. not designated for publication).